# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS
# EAST ST. LOUIS DIVISION

| | |
|---|---|
| ANGELA M. BRANDMEYER,<br><br>      Plaintiff,<br><br>v.<br><br>TARGET CORPORATION,<br><br>      Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 3:20-cv-00118<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

**NOW COMES** Angela M. Brandmeyer ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of Target Corporation ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. § 227.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of Illinois, Plaintiff resides in the Southern District of Illinois, and a substantial portion of the events or omissions giving rise to the claims occurred within the Southern District of Illinois.

1

## PARTIES

4. Plaintiff is a natural person over 18-years-of-age who, at all times relevant is a "person" as defined by 47 U.S.C. § 153(39).

5. Defendant is a domestic retail corporation with its principal place of business located at 1000 Nicollet Mall, Minneapolis, Minnesota 55403. Defendant offers numerous credit and debit cards to consumers throughout the country, including consumers in the State of Illinois.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, vendors, representatives and insurers at all-time relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7. Prior to the conduct giving rise to this action, Plaintiff obtained a Target Red Card credit card through Defendant ("subject debt").

8. Due to financial hardship, Plaintiff was unable to keep up with payments to Defendant and ultimately defaulted on the subject debt.

9. In or around December 2019, Plaintiff began receiving phone calls from Defendant to her cellular phone number (618) XXX-6646, in which Defendant attempted to collect upon the subject debt.

10. At all times relevant, Plaintiff was the sole subscriber, owner and operator of the cellular phone number ending in 6646. Plaintiff is and always had been financially responsible for the cellphone phone and its services.

11. On January 10, 2020, Plaintiff answered a phone call from Defendant's phone number (618) 815-5872 and requested that Defendant stop calling her as she is unable to make any payments towards the subject debt.

12. Plaintiff also requested that Defendant send her a letter regarding the subject debt.

13. Despite Plaintiff's request that the calls cease, Defendant continues to place unwanted calls to Plaintiff's cellular phone without her consent.

14. Defendant has placed or caused to be placed numerous phone calls to Plaintiff's cellular phone since Plaintiff requested that they cease on January 10, 2020, including multiple calls in one day and calls on back to back days.

15. In the phone calls Plaintiff answered, Plaintiff was greeted by a noticeable period of "dead air" while Defendant's telephone system attempted to connect Plaintiff to a live agent.

16. Specifically, there would be an approximate 3 second pause between the time Plaintiff said "hello," and the time that a live agent introduced them self as a representative of Defendant.

17. The phone number that Defendant most often uses to contact Plaintiff is (612) 815-5872, but upon information and belief, it may have used multiple other phone numbers to place phone calls to Plaintiff's cellular phone number without her consent.

## DAMAGES

18. Defendant's harassing phone calls have severely disrupted Plaintiff's daily life and general well-being.

19. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the phone calls, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and utility of telephone equipment and telephone subscription

services, the loss of battery charge, and the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her telephone services.

20. Concerned about the violations of her rights and invasion of her privacy, Plaintiff was forced to seek the assistance of counsel to file this action to compel Defendant to cease its unlawful conduct.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

21. Plaintiff restates and realleges paragraphs 1 through 20 as though fully set forth herein.

22. Defendant repeatedly placed or caused to be placed frequent non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular telephone number using an automatic telephone dialing system ("ATDS") without Plaintiff's consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

23. The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

24. Upon information and belief, based on Defendant's lack of prompt human response during the phone calls in which Plaintiff answered, Defendant used an ATDS to place calls to Plaintiff's cellular telephone.

25. Upon information and belief, the ATDS employed by Defendant transfers the call to a live agent once a human voice is detected, thus resulting in a pause after the called party speaks into the phone.

26. Upon information and belief, Defendant's phone system stores telephone numbers to be called, using a random or sequential number generator, which it used to call Plaintiff on her cellular phone.

27. Defendant violated the TCPA by placing numerous phone calls to Plaintiff's cellular telephone between the December 2019 and the present day, using an ATDS without her consent.

28. Any prior consent, if any, was revoked by Plaintiff's verbal revocation on or around January 10, 2020.

29. As pled above, Plaintiff was severely harmed by Defendant's collection calls to her cellular phone.

30. Upon information and belief, Defendant has no system in place to document and archive whether it has consent to continue to contact consumers on their cellular phones.

31. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiff's expense.

32. Defendant, through its agents, representatives, vendors, subsidiaries, third party contractors and/or employees acting within the scope of their authority acted intentionally in violation of 47 U.S.C. §227(b)(1)(A)(iii).

33. Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for a minimum of $500 per phone call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing violations of the TCPA triggers this Honorable Court's discretion to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

**WHEREFORE**, Plaintiff ANGELA M. BRANDMEYER respectfully prays this Honorable Court for the following relief:
   a. Declare Defendant's phone calls to Plaintiff to be violations of the TCPA;
   b. Award Plaintiff damages of at least $500 per phone call and treble damages pursuant to 47 U.S.C. § 227(b)(3)(B)&(C);
   c. Enjoining Defendant from further contacting Plaintiff; and
   d. Awarding any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

Dated: January 28, 2020                     Respectfully Submitted,

<div style="margin-left: 50%;">

/s/ Alexander J. Taylor
/s/ Marwan R. Daher
Alexander J. Taylor, Esq.
Marwan R. Daher, Esq.
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
ataylor@sulaimanlaw.com
mdaher@sulaimanlaw.com
*Counsel for Plaintiff*

</div>